IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| KAREN L. WOOD, ) | |
| ) | CASE NO. _____ |
| Plaintiff, ) | |
| ) | |
| vs. ) | **COMPLAINT & JURY DEMAND** |
| ) | |
| SIEGWERK USA, INC., ) | |
| ) | |
| Defendant. ) | |

COMES NOW the Plaintiff, Karen L. Wood, (hereinafter "**Plaintiff**") by and through her undersigned counsel, and for cause of action against Defendant, Siegwerk USA, Inc. (hereinafter "**Siegwerk**") states to the Court the following:

## I. PARTIES, JURISDICTION & VENUE

1. Plaintiff was, at all times material hereto, a resident of Warren County, Iowa.

2. Defendant, Siegwerk was, at all times material hereto, a Delaware corporation, being authorized to perform work and activities in the State of Iowa and is located in the City of Des Moines, Polk County, Iowa.

3. Jurisdiction is proper pursuant to 28 U.S.C.A., §1331 and §1367(a).

4. Venue is proper in the United States District Court for the Southern District of Iowa, Central Division pursuant to Iowa Code 28 U.S.C.A., §1391(b)(c).

## II. GENERAL FACTUAL ALLEGATIONS

5. Plaintiff became employed by Color Converting, Inc. in February of 2003 as a Quality Control Manager at its East Plant.

6. Color Converting, Inc. was purchased by the Siegwerk, to Plaintiff's knowledge, in calendar year 2004.

7. Upon the purchase of Color Converting, Inc., the Plaintiff became an employee of the Defendant.

8. Plaintiff held various positions and titles with Siegwerk, her last title being Quality Engineer II (South Plant Corporate Quality, Inc.). In this position, the Plaintiff's job duties were:

    a. Document control for Siegwerk Des Moines (East & South) all test and calibration procedures - review, updating and publishing for use in Internal training programs and attaching of documents in internal system (WORKSPACE). Maintaining dropdown lists for these internal applications;

    b. New test development documents and associated written documentation for adding into application and CIMPRO system;

    c. Preparation of response and support documents for customer audits as well as PowerPoint Presentations for audits;

    d. Preparation of response and support documents for customer questionnaires and timely response back to our customer;

    e. Special projects as assigned; and

    f. ISO Team for certification of South Plant - also certified for ISO auditor

9. During the course of her employment with Siegwerk, the Plaintiff contracted chemically-induced asthma caused by exposure to chemicals at one of Siegwerk's worksites (East Plant).

10. Plaintiff filed a worker's compensation claim as a result of the work-related condition caused by her employment.

11. Defendant has provided medical benefits under the Iowa Worker's Compensation Act.

12. From August of 2005 until January of 2017 Plaintiff was able to complete the essential functions of her position with reasonable accommodation and received exemplary employment reviews.

13. Beginning in early 2017, Siegwerk began to resist efforts to make reasonable accommodations for Plaintiff's chemically-induced asthma.

14. Also, in 2017, Plaintiff's supervisor began to question her need for accommodations, retaliated against her for working off-site, which was an employer approved practice that she had utilized for a number of years to accommodate breathing problems caused by her chemically-induced asthma, and threatened that Plaintiff needed to be at work because the supervisor "needed all hands on deck" and the supervisor indicated Plaintiff should take this into consideration in the future.

15. Plaintiff complained of this conduct, which she considered inappropriate badgering, or harassment to the Human Resources Department.

16. Plaintiff was never told if her complaints were investigated and what, if any, determinations were made.

17. On January 6, 2017, Plaintiff's employment was terminated for the stated reason that she could not perform the essential functions of her position.

18. At the time of her termination, Plaintiff was 63 years old.

19. To the Plaintiff's best knowledge, her position was filled by a younger person who did not have a disability.

20. Within 300 days of the acts of which she complains, Plaintiff filed charges of employment discrimination based upon age, disability and retaliation with the Iowa Civil Rights Commission and with the Equal Employment Opportunity Commission against the Defendant.

21. On February 1, 2018 the Iowa Civil Rights commission, pursuant to Iowa Code Chapter 216.16 issued the Plaintiff a letter of Right to Sue with respect to the charges of age and disability discrimination.

22. On March 1, 2018 the Equal Employment Opportunity Commission issued a Letter to Right to Sue.

## COUNT I
## VIOLATION OF IOWA CODE CHAPTER 216
## AGE DISCRIMINATION

23. Plaintiff restates and rellages her allegations contained in all Paragraphs of the Petition as if fully set forth herein.

24. At all times pertinent to this litigation, Plaintiff was more than forty (40) years old and, as such, she was protected from discrimination employment based upon her age by the Iowa Civil Rights Act.

25. Plaintiff was qualified to perform her job as a Quality Control Engineer.

26. Plaintiff was subject to adverse employment actions based on her age.

27. Any non-discriminatory reasons asserted by Defendant for the adverse employment action are a pretext for age discrimination.

28. One of the motivating factors for Siegwerk's treatment of Plaintiff was the Plaintiff's age.

29. Defendant has since replaced the Plaintiff with a substantially younger employee with considerably less experience than that of the Plaintiff.

30. According to Plaintiff's information and belief Siegwerk replaced the Plaintiff with an individual who is under 40 years of age.

31. As a result of Siegwerk's illegal actions and omissions Plaintiff has in the past and will in the future suffer injuries and damages, including but not limited to mental and

emotional distress, fear, anguish, humiliation, intimidation, embarrassment, loss of enjoyment of life, lost wages, benefits, future earnings and other benefits of employment.

WHEREFORE, Plaintiff prays for the following relief:

      a.    Court declare Siegwerk's conduct complained of herein to be a violation of the Plaintiff's right as secured by the Americans with Disabilities Act and the Iowa Civil Rights Act;

      b.    Court permanently enjoin Siegwerk and its owners, officers, management personnel, employees, agents, attorneys, successors and assigns and those acting in concert therewith from any conduct violating Plaintiff's rights as secured by the Americans with Disabilities Act and the Iowa Civil Rights Act;

      c.    Court award Plaintiff compensatory damages;

      d.    Court award Plaintiff emotional distress damages;

      e.    Court order Siegwerk to make whole the Plaintiff by providing her appropriate past and future lost earnings and benefits with pre-judgment interest and other relief this Court deems just and equitable in the premises;

      f.    Court aware Plaintiff's attorney's fees and costs incurred in prosecuting this action; and

      g.    Court award Plaintiff such other and further additional relief as is just and equitable in the premises.

## COUNT II
## VIOLATION OF STATE & FEDERAL LAW
## CONCERNING DISABILITY DISCRIMINATION

32. Plaintiff restates and rellages her allegations contained in all Paragraphs of the Petition as if fully set forth herein.

33. Plaintiff had a physical disability that substantially limited one or more major life activities.

34. Plaintiff had a record of physical disabilities that substantially limited one or major life activities.

35. The Defendant regarding Plaintiff as having physical disabilities that substantially limited one or more major life activities.

36. Plaintiff was a qualified individual with a disability who was able to perform her job as a Quality Control Engineer with or without reasonable accommodation and as such she was protected from disability discrimination in employment under the Americans with Disabilities Act, as amended, 42 USC, §12111, et seq. and the Iowa Civil Rights Act, Iowa Code Chapter 216.

37. Siegwerk unreasonably refused Plaintiff's requests for accommodation and terminated the Plaintiff because of her disability.

38. Plaintiff was subjected to adverse employment action based upon her disability.

39. Siegwerk replaced Plaintiff with an individual who does not have a disability.

40. As a result of Siegwerk's illegal actions Plaintiff has in the past and will in the future suffer injuries and damages, including but not limited to mental and emotional distress, fear, anguish, humiliation, intimidation, embarrassment, loss of enjoyment of life, lost wages, benefits, future earnings and other benefits of employment.

WHEREFORE, Plaintiff prays for the following relief:

    a. Court declare Siegwerk's conduct complained of herein to be a violation of the Plaintiff's right as secured by the Americans with Disabilities Act and the Iowa Civil Rights Act;

    b. Court permanently enjoin Siegwerk and its owners, officers, management personnel, employees, agents, attorneys, successors and assigns and those acting in concert therewith from any conduct violating Plaintiff's rights as secured by the Americans with Disabilities Act and the Iowa Civil Rights Act;

    c. Court award Plaintiff compensatory damages;

    d. Court award Plaintiff emotional distress damages;

  e. Court order Siegwerk to make whole the Plaintiff by providing her appropriate past and future lost earnings and benefits with pre-judgment interest and other relief this Court deems just and equitable in the premises;

  f. Court aware Plaintiff's attorney's fees and costs incurred in prosecuting this action; and

  g. Court award Plaintiff such other and further additional relief as is just and equitable in the premises.

## COUNT III
## VIOLATION OF 42 U.S.C. 6101 et. seq.
## AGE DISCRIMINATION

41. Plaintiff restates and rellages her allegations contained in all Paragraphs of the Petition as if fully set forth herein.

42. One of the motivating factors for Siegwerk's treatment of Plaintiff was the Plaintiff's age.

43. Defendant has since replaced the Plaintiff with a substantially younger employee with considerably less experience than that of the Plaintiff.

44. According to Plaintiff's information and belief Siegwerk replaced the Plaintiff with an individual who is under 40 years of age.

45. As a result of Siegwerk's illegal actions and admissions Plaintiff has in the past and will in the future suffer injuries and damages, including but not limited to mental and emotional distress, fear, anguish, humiliation, intimidation, embarrassment, loss of enjoyment of life, lost wages, benefits, future earnings and other benefits of employment.

WHEREFORE, Plaintiff prays for the following relief:

  a. Court declare Siegwerk's conduct complained of herein to be a violation of the Plaintiff's right as secured by the Federal Civil Rights Act;

  b. Court permanently enjoin Siegwerk and its owners, officers, management personnel, employees, agents, attorneys, successors and assigns and those acting in concert therewith from any conduct violating Plaintiff's rights as secured by the Federal Civil Rights Act;

    c.    Court award Plaintiff compensatory damages;

    d.    Court award Plaintiff emotional distress damages;

    e.    Court order Siegwerk to make whole the Plaintiff by providing her appropriate past and future lost earnings and benefits with pre-judgment interest and other relief this Court deems just and equitable in the premises;

    f.    Court aware Plaintiff's attorney's fees and costs incurred in prosecuting this action; and

    g.    Court award Plaintiff such other and further additional relief as is just and equitable in the premises.

## COUNT IV
### VIOLATION OF 42 U.S.C.2000e AND 42 U.S.C. 12203 RETALIATION FOR EXERCISING PROTECTED RIGHTS

46.    Plaintiff restates and rellages her allegations contained in all Paragraphs of the Petition as if fully set forth herein.

47.    Plaintiff engaged in protected conduct when she complained of the harassing and inappropriate actions being taken against her based on her age and disability. Despite the fact that the conduct was protected, once Plaintiff complained of the conduct, no action was taken except that Plaintiff's employment was terminated shortly thereafter.

48.    The actions of the Defendant in failing to investigate and/or acknowledge Plaintiff's complaints in terminating Plaintiff's employment in response for Plaintiff making such comments constitutes retaliation.

49.    Plaintiff has been damaged by such retaliation

WHEREFORE, Plaintiff prays for the following relief:

    a.    Court declare Siegwerk's conduct complained of herein to be a violation of the Plaintiff's right as secured by the Federal Civil Rights Act;

    b.    Court permanently enjoin Siegwerk and its owners, officers, management personnel, employees, agents, attorneys, successors and assigns and those acting in

concert therewith from any conduct violating Plaintiff's rights as secured by the Federal Civil Rights Act;

  c. Court award Plaintiff compensatory damages;

  d. Court award Plaintiff emotional distress damages;

  e. Court order Siegwerk to make whole the Plaintiff by providing her appropriate past and future lost earnings and benefits with pre-judgment interest and other relief this Court deems just and equitable in the premises;

  f. Court aware Plaintiff's attorney's fees and costs incurred in prosecuting this action; and

  g. Court award Plaintiff such other and further additional relief as is just and equitable in the premises.

## COUNT V
### VIOLATION OF THE IOWA CIVIL RIGHTS ACT FOR RETALIATION FOR EXERCISING PROTECTED RIGHTS

1. Plaintiff restates and rellages her allegations contained in all Paragraphs of the Petition as if fully set forth herein.

2. Plaintiff engaged in protective conduct when she complained of the harassing and inappropriate actions being taken against her based on her age and disability.  Despite that conduct be protective, once Plaintiff complained of the conduct, no action was taken except that Plaintiff's employment was terminated shortly thereafter.

3. The actions of the Defendant in failing to investigate and/or acknowledge Plaintiff's complaints in terminating Plaintiff's employment in response for Plaintiff making such comments constitutes retaliation.

4. Plaintiff has been damaged by such retaliation

WHEREFORE, Plaintiff prays for the following relief:

  a. Court declare Siegwerk's conduct complained of herein to be a violation of the Plaintiff's right as secured by the Iowa Civil Rights Act;

  b. Court permanently enjoin Siegwerk and its owners, officers, management personnel, employees, agents, attorneys, successors and assigns and those acting in concert therewith from any conduct violating Plaintiff's rights as secured by the Iowa Civil Rights Act;

  c. Court award Plaintiff compensatory damages;

  d. Court award Plaintiff emotional distress damages;

  e. Court order Siegwerk to make whole the Plaintiff by providing her appropriate past and future lost earnings and benefits with pre-judgment interest and other relief this Court deems just and equitable in the premises;

  f. Court aware Plaintiff's attorney's fees and costs incurred in prosecuting this action; and

  g. Court award Plaintiff such other and further additional relief as is just and equitable in the premises.

WHEREFORE, Plaintiff prays for judgment against Defendants in an amount that will fully and fairly compensate for Plaintiff's injuries and damages, attorney's fees and costs, and for such further and other relief as the Court deems just and equitable in the premises.

## JURY DEMAND

Plaintiff, Karen Wood, hereby demand trial by jury on all claims raised to the extent allowed by law.

    Respectfully submitted

    BRICK GENTRY PC

    By: */s/ Douglas A. Fulton*
      Douglas A. Fulton (AT0002672)

    By: */s/ Allison M. Steuterman*
      Allison M. Steuterman (AT0007558)
      6701 Westown Parkway, Suite 100
      West Des Moines, IA  50266
      Telephone: 274-1450; Facsimile: 274-1488
      Email: douglas.fulton@brickgentrylaw.com
      Email: allison.steuterman@brickgentrylaw.com
    ATTORNEYS FOR PLAINTIFF

Original Efiled

---

**NOTICE OF ELECTRONIC FILING**

Notice of Electronic Filing is sent through the electronic document management system to all registered filers for the within case. A review of the filers in this matter indicates that all necessary parties have been or will be served. Any unregistered filer will be served with a paper copy and so noted in a Certificate of Service.

By: */s/ Cindy S. Juhl*

---